LATTIMORE et al. v. PUCKETT & WEAR.

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 18, 1913. Rehearing Denied Dec. 6, 1913.)

1. CONTRACTS (§ 175*)—TERMS—EVIDENCE.

Evidence as to terms of a contract for construction of a dam across a creek, to form a fishpond, held sufficient to sustain a finding that it did not require the contractor to build a foundation of such depth and nature as to prevent the water escaping below it.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 766, 978, 1010, 1067–1069, 1786, 1803, 1810; Dec. Dig. § 175.*]

2. TRIAL (§ 260*)—REQUEST FOR INSTRUCTIONS—INSTRUCTIONS ALREADY GIVEN.

Refusal of a requested instruction may not be complained of; the matter being substantially covered both in affirmative and negative form, by another requested instruction, which was given, and by the general charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

3. TRIAL (§ 219*)—INSTRUCTIONS—DEFINING WORDS.

The court need not define to the jury the meaning of the words "would hold water" in a contract for construction of a dam; they being of common use and easily understood.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 489; Dec. Dig. § 219.*]

**4. APPEAL AND ERROR (§ 1033*) — HARMLESS ERROR—INSTRUCTIONS — ERROR FAVORABLE TO PARTY COMPLAINING.**

The burden of proof of the defense of failure of consideration, in an action on a note, being on defendants, failure to so instruct was not prejudicial to them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

**5. TRIAL (§ 75*)—OBJECTIONS TO EVIDENCE— WAIVER.**

Plaintiff, in an action involving the question whether he had constructed a dam according to contract, having testified, without objection, that the soil in the bottom of the basin of the proposed pond would not hold water, and that by reason thereof, and not through any defect in the dam, the water escaped, and this being pertinent to the issue, it was not error to permit another witness to testify to the same condition of the soil, and that by reason of the lack of rain other lakes and tanks were dry.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 171–182, 252; Dec. Dig. § 75.*]

Appeal from Tarrant County Court; Chas. T. Prewitt, Judge.

Action by Puckett & Wear against O. S. Lattimore and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Lattimore, Cummings, Doyle & Bouldin, of Ft. Worth, for appellants. McCart & Bowlin, of Ft. Worth, for appellees.

DUNKLIN, J. In the trial court judgment was rendered in favor of Puckett & Wear, plaintiffs, against O. S. Lattimore, A. J. Lawrence, and J. E. Cummings, defendants, upon a promissory note executed by the defendants in plaintiffs' favor, and the defendants have appealed.

[1] The consideration for the note was plaintiffs' contract to construct a dam of concrete across a ravine, which dam was designed by the defendants to impound water from rainfall for the purpose of forming a fishpond. The dam was constructed, but the water which accumulated after each rain in the basin above the dam escaped through the bottom of the basin and ran out below the dam. The evidence shows without controversy that the water did not percolate through the dam. Plaintiffs' contract to construct the dam was in parol, but the evidence shows without controversy that they agreed to build a dam that would hold water. The principal controverted issue upon the trial was whether plaintiffs agreed, as contended by defendants, to build a dam upon a foundation of such depth and construction that the water collecting in the basin above the dam would be held there and not permitted to escape below the dam, or whether the extent of plaintiffs' obligation was, as contended by them, that they would construct a dam through which water would not percolate and which would not be carried away by the pressure of water accumulating in the basin above.

By different assignments appellants insist that the evidence conclusively established their contention upon the issue above stated, and for that reason the trial court erred in failing to set aside the verdict of the jury upon their motion for a new trial. Notwithstanding the evidence of appellants tended strongly to support their construction of appellees' contract, the testimony of appellee Puckett was in accord with plaintiffs' contention as above stated. In addition to that testimony of Puckett, it was further shown that, after the dam had been finished and it had been demonstrated that the water collecting in the basin above the dam would seep out, appellants paid $75 of the agreed consideration for the construction of the dam, and executed a note for the balance and later renewed that note, which renewal is the note in controversy herein. This evidence of appellees was sufficient to support the verdict, and hence the assignments of error now under discussion are overruled.

By another assignment of error the contention is made that the judgment was excessive. This is based upon the statement in appellants' brief that the note stipulated for interest at the rate of 10 per cent. per annum from maturity. But the note found in the statement of facts expressly stipulates for interest from date, and with this stipulation in the note the judgment was not excessive.

[2] By the fourth assignment of error complaint is made of the refusal of a special instruction requested by appellants. This assignment is overruled because another special instruction requested by the appellants was given which presented substantially appellants' defense to the note in an affirmative form, in addition to the same defense presented in a negative form in the court's general charge.

[3] We know of no rule which would require the court to define to the jury the meaning of the words used in plaintiffs' contract to construct a dam that "would hold water," as contended by another assignment, as those terms are words of common use and easily understood by the jury.

[4] Nor do we think that the instruction given in the court's main charge was subject to the criticism made by appellants that it was on the weight of the evidence. The only defense to the note was that of failure of consideration. Clearly the burden was upon the defendants to establish that defense, and, if the court erred in failing to charge the jury upon the burden of proof, it was an error in favor of appellants, and not against them, as contended in the tenth assignment of error.

[5] As plaintiffs testified without objection that the soil which constituted the bottom of the basin of the proposed lake would not hold water, and that the water escaped by reason of this condition of the soil and not through any defect in the dam, and as this was

pertinent to the very issue in controversy, there was no error in permitting the witness G. B. Leake to testify to the same condition of the soil and that by reason of the lack of rainfall other lakes and tanks were dry.

We have found no error in the record, and the judgment is affirmed.